[Cite as *State v. Vega-Medina*, 2025-Ohio-5341.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                  No. 114792

    v.                          :

LUIS VEGA-MEDINA,                       :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 26, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-671332-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Patrick S. Lavelle, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} After remand by this court for resentencing in *State v. Vega-Medina*, 2024-Ohio-3409 (8th Dist.), defendant-appellant Luis Vega-Medina ("Vega-Medina") appeals his sentence from the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This case stems from an incident involving Vega-Medina's live-in girlfriend of eight years, whom he assaulted with a broom and a belt and then barricaded her in their bedroom. In August 2023, he was convicted, following a jury trial, of one count of kidnapping, two counts of abduction, one count of domestic violence, one count of assault, and one count of aggravated menacing. At the sentencing hearing, the State elected to proceed on the kidnapping count and the domestic violence count. After merging the appropriate counts, the trial court sentenced Vega-Medina to a minimum of five years and a maximum of seven years and six months in prison on the kidnapping count. In addition, the court sentenced Vega-Medina to time served on the domestic-violence count.[1] After imposing the sentence, the court designated Vega-Medina a violent offender as defined by R.C. 2903.41 and advised him of his registration requirements under R.C. 2903.42.[2]

{¶ 3} Thereafter, Vega-Medina appealed his conviction and sentence. *Vega-Medina*, 2024-Ohio-3409. We affirmed his convictions but vacated his

---

[1] In a second case, Cuyahoga C.P. No. CR-22-673639-A, Vega-Medina pled guilty to one count each of burglary, menacing by stalking, and domestic violence. The trial court sentenced Vega-Medina to 36 months on the burglary charge, plus one year of mandatory postrelease control and up to three years of postrelease control. The court also sentenced Vega-Medina to 18 months on the menacing-by-stalking conviction and time served on the domestic-violence conviction in that case. The sentence in the second case was run concurrently to the sentence in this case. Vega-Medina did not appeal the sentence in the second case. Both cases involve the same victim. *State v. Vega-Medina*, 2024-Ohio-3409, ¶ 17 (8th Dist.).

[2] R.C. 2903.42 creates a rebuttable presumption that anyone convicted of a violent offense as defined by R.C. 2903.41, which includes kidnapping, is classified as a violent offender and must enroll in the violent offender database upon release from prison.

sentence as it pertained to this case and remanded the case to the trial court to conduct a de novo sentencing hearing because the trial court failed to procedurally comply with the requirements specified in R.C. 2903.42 regarding the violent-offender designation and database. *Id*. at ¶ 46.

{¶ 4} Following our remand, Vega-Medina filed a motion to rebut the presumption that he was a violent offender. In his motion, he alleged that he was not the principal offender because he did not exert direct restraint upon the victim and thus, he should not be subject to the registration requirements of R.C. 2903.42. The trial court conducted a hearing on Vega-Medina's motion and ultimately concluded that he was the principal offender. The trial court further noted that Vega-Medina was convicted of kidnapping and that offense is classified as a violent offense under R.C. 2903.41 and subject to the reporting requirements set forth in R.C. 2903.42. Thereafter, the trial court explained the reporting requirements to Vega-Medina.

{¶ 5} The trial court then proceeded to sentence Vega-Medina to a minimum of five years and a maximum of seven years and six months in prison on the kidnapping conviction and time served on the domestic-violence conviction, which was a total of 217 days. The trial advised Vega-Medina regarding postrelease control and then ordered a mandatory minimum of two years up to a maximum of five years of postrelease control. Costs and fines were waived.

{¶ 6} It is from this judgment that Vega-Medina now appeals raising the following assignments of error for our review:

**Assignment of Error I:** The lower court erred when it sentenced [Vega-Medina] without complying with [R.C.] 2929.19(B)(3) which required the court to notify appellant that he is subject to the post-[release] control provisions of [R.C.] 2967.28.

**Assignment of Error II:** The lower court erred when it failed to appoint a language interpreter during the sentencing hearing when it became aware of [Vega-Medina's] language barriers.

## II. Law and Analysis

{¶ 7} In Vega-Medina's first assigned error, he asserts that the trial court failed to substantially comply with R.C. 2929.19(B) when advising Vega-Medina of postrelease control. We disagree.

{¶ 8} R.C. 2929.19(B)(2)(d) states that the trial court shall "[n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced, . . . , for a felony of the first degree[.]" Because the trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law. *State v. Bates*, 2022-Ohio-475, ¶ 11, citing *State v. Jordan*, 2004-Ohio-6085, ¶ 23, *overruled on other grounds by State v. Harper*, 2020-Ohio-2913. Moreover, "[t]he trial court must advise the offender at the sentencing hearing of the term of supervision, whether post-release control is discretionary or mandatory, and the consequences of violating post-release control." *Id.*, citing *State v. Grimes*, 2017-Ohio-2927, ¶ 8.

{¶ 9} Vega-Medina was convicted of kidnapping, a first-degree felony, and according to R.C. 2967.28(B)(2) a first-degree felony that is not a felony sex offense is subject to mandatory postrelease control for "up to five years, but not less than

two years[.]" At the sentencing hearing, the trial court advised Vega-Medina as follows:

> Now, the Court would notify you that you're subject to post-release control for the minimum, mandatory minimum two years, up to a maximum of five years on Count 1 [the kidnapping count]. Post-release control is a parole period after incarceration. If you violate the terms of post-release control, you may look at additional time of up to half of the original sentence and/or a charge of felony escape if you were violated by the Parole Authority or Department of Corrections.
>
> . . .
>
> Now, if you violate the rules of supervision on post-release control, the Parole Board may return you for up to nine months for a single violation subject to a maximum period, as I mentioned, of up to half of your minimum sentence for all violations committed during your period of supervision. If you are on [postrelease control] and convicted of a new felony, the sentencing judge handling your new case can impose sanctions for a crime and terminate your [postrelease control] and impose a consecutive prison term of one year or whatever time remains on your [postrelease control] term, whichever is greater.

(Tr. 31-32.)

{¶ 10} It is clear from the record that the trial court described the term of postrelease control supervision, that it was mandatory, and the consequences of violating postrelease control. Therefore, we find that the trial court properly advised Vega-Medina regarding postrelease control.

{¶ 11} Accordingly, the first assignment of error is overruled.

{¶ 12} In Vega-Medina's second assigned error, he asserts that the trial court failed to appoint an interpreter in violation of R.C. 2311.14(A)(1) and Sup.R. 88(A)(1). The State maintains, and we agree, that the trial court did appoint a

Spanish interpreter for Vega-Medina, and the record also reflects that the interpreter was sworn in and present at the sentencing hearing.

{¶ 13} Accordingly, the second assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR